## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DEAN<br>6577 North Fostoria Road<br>Risingsun, OH 43457<br><br>and<br><br>TAMMY BYERLY-DEAN<br>6577 North Fostoria Road<br>Risingsun, OH 43457<br><br>Plaintiffs,<br><br>vs.<br><br>GILDAN ACTIVEWEAR, INC.<br>600 deMaisonneuve West, 33rd Floor<br>Montreal, Quebec<br>QC H3A 3J2<br>CANADA<br><br>and<br><br>GILDAN USA, INC.<br>c/o Corporation Service Co., Registered Agent<br>2711 Centerville Road, Ste 400<br>Wilmington, DE 19808<br><br>and<br><br>GILDAN YARNS, LLC<br>c/o Corporation Service Co., Registered Agent<br>2711 Centerville Road, Ste 400<br>Wilmington, DE 19808<br><br>and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NUMBER<br><br><br><br><br><br>JUDGE<br><br><br><br><br><br><br><br><br>**COMPLAINT**<br>(Trial by Jury Endorsed Hereon) |

| | |
|---|---|
| **GILDAN APPAREL USA, INC.**<br>c/o Corporation Services Co., Registered Agent<br>2711 Centerville Road, Ste 400<br>Wilmington, DE 19808<br><br>and<br><br>**GILDAN ACTIVEWEAR MEXICO, S.A.**<br>  de C.V.<br>Calle 5 deFebrero 147<br>25870 Castanos<br>Coahuila-Mexico<br><br>and<br><br>**DOLLAR GENERAL CORPORATION**<br>c/o Corporation Service Co., Registered Agent<br>2908 Poston Avenue<br>Nashville, TN 37203-1312<br><br>            **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PARTIES AND JURISDICTION

1.      At all times mentioned herein, Plaintiffs Timothy Dean and his wife, Tammy Byerly-Dean were married and are residents of the Village of Risingsun, in Wood County, Ohio.

2.      At all times mentioned herein, Defendant Gildan Activewear, Inc. aka Gildan, is a duly licensed corporation organized and existing under the laws of Canada with its principal place of business in Montreal, Quebec.

3.      At all times mentioned herein, Defendant Gildan USA, Inc. is a duly licensed corporation organized and existing under the laws of the State of Delaware.

4.  At all times mentioned herein, Defendant Gildan Yarns, LLC is a duly licensed corporation organized and existing under the laws of the State of Delaware.

5.  At all times mentioned herein, Defendant Gildan Apparel USA, Inc. is a duly licensed corporation organized and existing under the laws of the State of Delaware.

6.  At all times mentioned herein, Defendant Gildan Activewear Mexico, S.A. de C.V. is a duly organized corporation and/or company organized and existing under the laws of Mexico.

7.  At all times mentioned herein, Defendants Gildan Activewear, Inc., Gildan USA, Inc., Gildan Yarns, LLC, Gildan Activewear Mexico, S.A., de C.V., are all wholly owned subsidiaries of Defendant Gildan Activewear, Inc.

8.  At all times mentioned herein Defendant Dollar General Corporation is a duly licensed corporation organized and existing under the laws of the State of Tennessee that maintained retail stores throughout the United States, including stores in Wood County, Ohio.

9.  Throughout the remainder of this Complaint, Defendants Gildan Activewear, Inc., Gildan USA, Inc., Gildan Yarns, LLC, Gildan Activewear Mexico, S.A., deC.V., will be referred to collectively as "Gildan".

10. At all times mentioned herein, Defendant Dollar General Corporation offered for sale a hooded sweatshirt manufactured by Gildan and purchased by Plaintiff Timothy Dean from Defendant Dollar General Store #10840 in Wood County, Ohio. Said hooded sweatshirt was defective and caused injury and damages to Plaintiffs Timothy and Tammy Dean as hereinafter alleged.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1332, 15 U.S.C. §2301, *et seq.* and 28 U.S.C. §1367.

## FIRST CAUSE OF ACTION

12. At all times mentioned herein, the hooded sweatshirt which caused injuries and damages to Plaintiff as hereinafter alleged is a safety orange, long-sleeved, hooded sweatshirt with a full length zippered front, and on its tags the manufacturer is identified as "Gildan" and "Gildan Activewear Mexico, S.A. de C.V."

13. During the week of December 22, 2013 Plaintiff Timothy Dean purchased from the Defendant Dollar General Store #10840 located in Wood County, Ohio the sweatshirt described herein.

14. Gildan is a manufacturer as defined by O.R.C. §2307.71 which designed, produced, created, manufactured, made, constructed and/or assembled the subject sweatshirt.

15. The subject sweatshirt was defective in manufacture pursuant to the provisions of O.R.C. §2307.74.

16. The subject sweatshirt was defective in design pursuant to the provisions of O.R.C. §2307.75.

17. The subject sweatshirt was defective by reason of a failure by Defendant Gildan to provide adequate warnings or instructions pursuant to the provisions of O.R.C. §2307.76.

18. The subject sweatshirt was defective because it did not conform, when it left the control of Gildan to an express representation made by Gildan with respect to its character, quality or safety, pursuant to the provisions of O.R.C. §2307.77.

19. Defendant Gildan was negligent in its manufacture, design, fabrication and failure to warn or instruct and defendants negligence was a direct and proximate cause of the plaintiffs injuries and damages.

20. A defective aspect of the subject sweatshirt, specifically including, but not limited to, the flammability of the garment was a direct and proximate cause of the injuries, damages and losses set forth hereinafter for which the Plaintiffs seek to recover compensatory damages, pursuant to the aforementioned sections of law and the provisions of O.R.C. §2307.73.

21. On or about January 7, 2014, Plaintiff Timothy Dean was on a hunting trip in or around Lawrence Township in Lawrence County, Ohio, and while wearing the aforementioned sweatshirt near a propane heater, suddenly and without warning, the sweatshirt caught fire. Before Plaintiff Timothy Dean could remove the sweatshirt it melted to his body and he sustained serious and permanent injuries as described herein.

22. As a direct and proximate result of the defective nature of the sweatshirt, Plaintiff sustained third degree burns to most of his torso. Further, he was treated as an inpatient for approximately six months, has undergone approximately 28 surgeries and has been permanently totally disfigured and disabled. Additionally, he has been forced to endure and will continue to endure extraordinary pain and suffering as a result of his injuries.

23. As a further direct and proximate result of his injuries, Plaintiff is permanently disabled and will require extensive medical treatment for the remainder of his life.

## SECOND CAUSE OF ACTION

24. Plaintiffs incorporate and reaver the allegations contained in Paragraphs One through Twenty-Three as if fully rewritten herein.

25. At all times mentioned herein, Defendant Dollar General, Inc. was a supplier of the Gildan sweatshirt as that term is defined in O.R.C. §2307.71(15)(A), and liable as if it were a manufacturer of the aforementioned product pursuant to O.R.C. §2307.78.(B)(7).

26. The aforementioned sweatshirt was defective for all of the aforementioned reasons.

27. Defendant Dollar General, Inc. negligently designed, constructed, assembled, manufactured, installed, marketed and/or sold the subject sweatshirt.

28. As a direct and proximate result of Defendant Dollar General, Inc.'s failure to exercise ordinary care, and the defective sweatshirt, Plaintiff suffered the injuries and damages as previously alleged.

### THIRD CAUSE OF ACTION

29. Plaintiffs incorporate and reaver the allegations contained in Paragraphs One through Twenty-Eight as if fully rewritten herein.

30. At all times mentioned herein, Plaintiff Tammy Byerly-Dean is the wife of Plaintiff Timothy Dean.

31. As a direct and proximate result of the conduct of all Defendants and the injuries sustained by her husband Timothy Dean, and as alleged herein, Plaintiff Tammy Byerly-Dean has been deprived of the care, comfort, consortium, companionship and emotional and financial support of Plaintiff Timothy Dean, all to her detriment.

**WHEREFORE**, Plaintiffs Timothy Dean and Tammy Byerly-Dean respectfully demand judgment against all Defendants jointly and severally, individually and collectively, as and for compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) plus their costs herein.

### JURY DEMAND

A trial by jury is hereby demanded in the within matter in the maximum number allowed by law.

_____
**RYAN H. FISHER (#0043799)**
**JAMES A. LOWE (#0002495)**
**Lowe Eklund Wakefield Co., LPA**
610 Skylight Office Tower
1660 West Second Street
Cleveland, Ohio 44113-1454
rfisher@lewlaw.com
jlowe@lewlaw.com
(216) 781-2600 (Telephone)
(216) 781-2610 (Facsimile)
Attorneys for Plaintiffs

_____
**JASON RAPPAPORT (#0092516)**
3665 Shannon Road
Cleveland Hts., Ohio 44118
YRappaport@gmail.com
(216) 407-5199 (Telephone)
Attorney for Plaintiffs